**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**JOSEPH MARTELL MOSS**                                                      **PLAINTIFF**


**v.**                                      **CIVIL ACTION NO. 3:04CV-P724-C**


**METRO CORRECTIONS _et al._**                                              **DEFENDANTS**


**MEMORANDUM OPINION**

_____The plaintiff, Joseph Martell Moss, filed a _pro se_ complaint pursuant to 42

U.S.C. § 1983.  Because the plaintiff failed to demonstrate complete exhaustion of

available administrative remedies prior to filing this action in federal court, the court

will dismiss the action without prejudice.

**I. SUMMARY OF CLAIMS**

        The plaintiff is a pretrial detainee incarcerated at the Jefferson County Metro

Corrections Department.  His complaint names the following three defendants:

Metro Corrections; Laura McCune, Metro Corrections Classification Supervisor; and

Ms. Speilge, Metro Corrections Medical Supervisor.  He sues Ms. McCune in her

official capacity but fails to specify in which capacity he is suing Ms. Speilge.

        In his statement of claim, the plaintiff contends that he repeatedly asked to

be moved to the medical walk at Metro Corrections "due to injury."  He reports

"[n]ot being able to walk long distances to get meals causing severe pain to hip and

knee."  Finally, claims the plaintiff, on or about October 10, 2004, he slipped in

"spilt tea causing severe pain to the back."  He asks for money damages in the

amount of $250,000.

The plaintiff advises that there is a prisoner grievance procedure at Metro Corrections, and he broadly alleges that he presented the facts relating to each claim in the grievance procedure.  He then specifically reports filing a grievance with Rhonda Moore on October 7, 2004, on the following issue:  "Bullet wound in left hip-plate and 2 screws in lower knee Therefore requesting medical cell to receive proper medical attention."  On October 19, 2004, he received a response, which denied his request to be moved to a medical cell.  To the question, "Did you appeal the decision to a higher official or to the jailer?," the plaintiff marked "NO."

## II.  <u>ANALYSIS</u>

The Prison Litigation Reform Act of 1995 (hereinafter "PLRA") established an administrative exhaustion requirement codified at 42 U.S.C. § 1997e(a).  Section 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  In enacting this provision, Congress clearly imposed a prerequisite upon prisoners seeking to bring conditions-of-confinement claims under 42 U.S.C. § 1983. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies is now mandatory, rather than discretionary. *Id.*; *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998).

"Because the purpose of the exhaustion requirement is to provide states the

2

first opportunity to resolve problems themselves, an inmate who has not pursued available administrative remedies may not yet proceed in federal court." *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003). "[A] prisoner who has presented his or her grievance through one complete round of the prison process has exhausted the available administrative remedies under 42 U.S.C. § 1997e(a)." *Id.* at 733. A prisoner "does not exhaust his administrative remedies when he fails to commence the grievance process or to run the gamut of potential appeals." *Id.* at 726-27. He "cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). Complete exhaustion of administrative remedies is required even if the administrative process cannot provide the plaintiff with the relief he seeks. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The plaintiff has the burden of pleading exhaustion of his administrative remedies. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). To establish exhaustion of available administrative remedies, a prisoner should attach to his complaint any decision demonstrating the administrative disposition of his claims. *Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir. 1999); *Brown v. Toombs*, 139 F.3d at 1104. If written documentation is not available, a prisoner must describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d at 642.

"A plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*."  *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) (citations omitted).

> [A] plaintiff, who fails to make a sufficient allegation of exhaustion in their initial complaint, [must] also not be allowed to amend his complaint to cure the defect.  If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run.

*Id.*

The Jefferson County Metro Corrections Department has a multi-stage inmate grievance procedure in place.  *See* Inmate Grievance Procedure, Policy 11.14.  According to Policy 11.14, all inmates receive "a written copy and an oral explanation of the Grievance Procedure at Orientation."  Procedurally, an inmate is first required to attempt to resolve a grievance informally.  If the grievance is unable to be resolved informally, the inmate may submit a formal written grievance.

The formal written grievance is forwarded to the Shift Commander for review.  The Shift Commander attempts to resolve the grievance and completes a written response.  The Shift Commander has five (5) working days to accomplish this process.  If the grievance is not resolved, a copy of the grievance is returned to the inmate and the inmate is informed that he has five (5) working days to appeal the decision to the appropriate Divisional Director (Major of Operations for the Jail

4

Complex or the Community Corrections Center and the Director of Classification Services).

The Division Director has five (5) working days to investigate and resolve, if possible, the grievance and complete a written response.  If the grievance is not resolved, the Divisional Director completes the form and returns a copy to the inmate.  The inmate is then told that he has five (5) working days to appeal the decision to the Lieutenant Colonel of the Jefferson County Corrections Department.

The Lieutenant Colonel has five (5) working days to act on the appeal or forward it to the Grievance Appeal Investigator.  If the appeal is forwarded to the Grievance Appeal Investigator, the investigator has five (5) working days to investigate, review the issues, and prepare a written report.  The Lieutenant Colonel then reviews the investigative information and issues a written decision, which is forwarded to the inmate within five (5) working days.  If the grievance is still not resolved at this stage, the inmate has five (5) working days to appeal the decision to the Chief/Director of Jefferson County Corrections.  The Chief/Director or his/her designee must provide an answer in writing within five (5) working days.

The grievance procedure contains a section describing how either the inmate or a staff member may obtain an extension of the time limits.  It additionally provides that "[a]bsent an extension, expiration of response time limits entitles the inmate to move on to the next step in the review process."

In the instant action, the plaintiff has failed to meet his burden of proving

complete exhaustion of available administrative remedies prior to filing suit.  First,

he fails to attach a copy of the grievance to his complaint.  Second, and

notwithstanding this failure, he also fails to allege that he followed the grievance

procedure through to its final stage.  There is simply no indication in the complaint

that the plaintiff did anything more than present his October 2004 grievance at the

initial stage of the grievance process.  In fact, he specifically admits that he did not

appeal the decision.

As the averments in the complaint fail to demonstrate that the plaintiff has

fully exhausted available administrative remedies prior to filing this action in federal

court, the instant action will be dismissed without prejudice pursuant to 42 U.S.C.

§ 1997e(a).  *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2004) ("A

dismissal under § 1997e should be without prejudice."), *cert. denied*, *Allen v. Corr.

Corp. of Am.*, --- S.Ct. ---, No. 04-784, 2005 WL 637210 (U.S. Mar. 21, 2005).

The court will enter a separate order and judgment consistent with this

memorandum opinion.

The clerk is directed to serve a copy of this memorandum opinion on the

plaintiff and the Jefferson County Attorney.


Signed on  May 2, 2005


**Jennifer B. Coffman, Judge**
**United States District Court**


6